John C. Chew City Attorney Daytona Beach
QUESTION:
May the City of Daytona Beach receive funds collected by the state under the provisions of ordinances enacted by the City of Daytona Beach establishing an excise tax pursuant to ss. 185.08 and175.101, F. S., on the gross receipts of insurance policies within the city when full-time `public safety officers' are members of the Daytona Beach Police and Fire Department Pension Fund?
SUMMARY:
A person holding the position of public safety officer, as established by the City of Daytona Beach, is neither a police officer nor a firefighter as contemplated by existing law. Accordingly, it does not appear that the city may participate in the distribution of excise tax moneys pursuant to Chs. 175 and 185, F. S., which are intended for the exclusive use of policemen and firefighters.
This question has been prompted by a dispute between the Insurance Commissioner and Treasurer and the City of Daytona Beach over the organization of the Daytona Beach Police and Fire Departments. Specifically, the commissioner has questioned the city's designation of a separate category of public safety officers within the public safety agency whose members are certified as police officers and may be assigned the duties of both police officers and firefighters. Pursuant to s. 215.32(1)(b)1., F. S., the commissioner has refused to remit to the city the moneys collected pursuant to ss. 185.08 and 175.101, F. S., until such time as the commissioner is assured that the requirements of the respective statutes are being met by the city.
Section 185.02(1), F. S., defines `police officer' to mean a full-time police officer who receives compensation from municipal funds of any incorporated municipality of the state for services rendered. The commissioner, pursuant to s. 185.23, F. S., has more specifically defined `police officer' at Rule 4-14.07, F.A.C., to include:
 . . . a law enforcement officer paid from the public funds of a municipality for performing the primary duties of enforcing state laws and municipal ordinances, making arrests, testifying in court, bearing arms, and other duties commonly accepted as being the duty of a police officer. . . . Municipal employees assigned to the Police Department for the primary purpose of performing clerical or other non-enforcement duties shall not be defined as police officers even though they may be given the power of arrest. (Emphasis supplied.)
Pursuant to the Rules and Duties Manual of the Daytona Beach Police Department, a `public safety officer' is an employee of the public safety agency who is certified as a police officer, trained as a fireman and assigned to the Division of Patrol of the Police Department. Such officer is directly responsible to the Sergeant of the Uniform Patrol Section for the proper performance of his police duties and to the ranking fire department officer present at the scene of a fire for the proper performance of his fire duties. The duties of a `public safety officer' include the same duties and responsibilities assigned to both police officers and firefighters in the Fire Department Rules and Regulations. In addition to the public safety officers, both firefighters and police officers are employed by fire and police departments within the city's public safety department.
According to additional information furnished this office, a public safety officer in Daytona Beach is required to perform both firefighting and police duties in a specific designated district of the city as may be required. Assistance in fighting fires within this designated area is obtained from the fire department only in those instances where needed. Pursuant to job descriptions published by the city, the category of `public safety officer' constitutes a separate and distinct class of employees whose required training, experience, and work performed are different from those of firemen or police officers. Additionally, public safety officers wear uniforms and drive automobiles which are different from those of police officers or firefighters.
Pursuant to s. 175.351(1), F. S., in order for municipalities with their own pension plans for firemen or for firemen and other employees to participate in the distribution of the tax fund established in ss. 175.131-175.151, their pension funds must,inter alia,
 . . . be for the purpose of providing retirement and disability income for firemen or their beneficiaries. Also see s. 175.351(13), F. S., stating that `. . . the board of trustees . . . may place the income from the premium tax in s. 175.101 in its existing pension fund for firemen . . . .' (Emphasis supplied.)
Similarly, s. 185.35(1), F. S., provides that in order for cities with their own pension plans for policemen or for policemen and other employees to participate in ss. 185.07, 185.08 and 185.09
ther retirement funds must be, inter alia, for the purpose of providing retirement and disability income for policemen.
Sections 175.041(1) and 185.35(2), F. S., further indicate that the benefits derived from the tax funds established in Chs. 175 and 185, respectively, are for the sole and exclusive use of firemen and policemen.
In AGO 063-130, this office stated that a municipality which combined its fire and police departments into a department of public safety was eligible to establish a pension trust fund for policemen or firemen under the provisions of Chs. 175 and 185, F. S. This opinion, however, included a caveat to the effect that a city would not be eligible to come within the provisions of Chs. 175 and 185 if by combining the police and fire departments into a department of public safety the members thereof lost their individual status as policemen and firemen. Although the city has broken down the department of public safety into police and fire departments, it has also created a new category or classification of `public safety officers' who are responsible for both police and firefighting duties. Under such circumstances, it does not appear that the public safety officers' duties could be said to be primarily law enforcement or firefighting. Rather, their duties could be primarily either law enforcement or firefighting as needed by the city. Also see Paul v. Padron, 181 So.2d 24 (3 D.C.A. Fla., 1965); City of Miami v. Carter, 105 So.2d 5 (Fla. 1958); and Jackson v. McGrath, 20 So.2d 907 (Fla. 1945), in which the Supreme Court stated that the purpose of Ch. 175 was `. . . to provide a system of relief for firemen and their dependents, and for no other class of employees.' (Emphasis supplied.)
Thus, I do not believe that a person holding the position of `public safety officer' as established by the City of Daytona Beach is a police officer as defined at s. 185.02(1), F. S., or a firefighter as defined at s. 175.032(1), F. S. Also cf. ss.633.30(1) and 943.10(1), F. S.
Prepared by: Sharyn L. Smith, Assistant Attorney General